UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2020 DEC -3 PM 2:54

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JOSHUA NEIL FREY,
    Plaintiff,

v.

CHRISTOPHER RICH,
    Defendant.
_____/

Case No. 6:20-cv-1193

## PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT AGAINST DEFENDANT CHRISTOPHER RICH

Plaintiff, JOSHUA NEIL FREY, Pro se and pursuant to Fed. R. Civ. P. 55 as well as local rule 3.01 hereby moves that this Honorable Court enter a default judgement against defendant Christopher Rich in favor of the plaintiff and in support, states the following:

• The plaintiff initiated the instant action against Defendant Christopher Rich on 7/6/2020. (Doc. 1)

• Plaintiff then filed a motion to amend his initial complaint to include an additional defendant on 7/10/2020. (Doc. 2)

• On 8/25/2020, plaintiff mailed Defendant Christopher Rich a Waiver of Service form along with a copy of plaintiff's initial complaint.

1 of 6

- On 9/14/2020, this Court granted plaintiff's motion to Amend (Doc. 7)
- On 9/24/2020, Counsel for Defendant Christopher Rich agreed to waive service of summons (Doc. 10). In the waiver, counsel acknowledged that a responsive pleading or rule 12 motion would be filed on behalf of defendant Christopher Rich within 60 days of 8/25/2020.
- On 9/25/2020 plaintiff filed his Amended complaint with this Court. (Doc. 8)
- On 10/05/2020, plaintiff contacted the office of counsel for the defendant Christopher Rich in an attempt to confer with counsel regarding the amended complaint as well as upcoming deadlines. Counsel was not available.
- Also on 10/05/2020, plaintiff utilized the classification department in order to email counsel requesting that a phone conference be set up.
- On 11/10/2020, plaintiff's "Declaration for Entry of Default of Defendant Christopher Rich" was filed with this Court and Default was Entered on Defendant Christopher Rich by the clerk 11/18/2020, as Defendant had failed to respond or otherwise plead to plaintiff's claims within the allotted time.
- On 11/17/2020, Defendant Christopher Rich filed his response to plaintiff's Declaration (Doc. 11), along with a Motion To Dismiss (Doc. 12)

- Defendant's response attributes Counsel's failure to adhere to the agreed upon deadline to respond to a legal assistant's calendering error (Doc. 11-3 pp.2). However, this legal assistant is neither identified, nor was a declaration accompanied with Defendant's response, leaving this allegation wholly conclusory.

- Additionally, Defendant in his response attempts to set forth an identical argument as is expressed in his Motion to Dismiss in an effort to show a meritorious defense exists.

- However not only do Defendant's claims of entitlement fail on their merits (as explained in plaintiffs' answer to Defendant's Motion to Dismiss filed contemporaneously with this motion) But the motion to Dismiss itself, and therefore the arguments/defenses alleged in it are clearly untimely.

- Both Defendant's Response (Doc. 11) and Motion To Dismiss (Doc. 12) fail to address plaintiffs claims. Instead refferring to technicalities that should entitle Defendant Christopher Rich to a dismissal of plaintiffs claims.

- Accordingly, Defendant has failed to satisfy those factors that would warrant this court setting aside default and therefore a default judgement should be entered against Defendant Christopher Rich in favor of the plaintiff.

## ARGUMENT AND LAW

As Defendant correctly states in his answer to plaintiff's Declaration of Entry of Default, "If a clerk's default is entered, a court may set it aside for good cause Fed. R. Civ. P. 55(c)" (Doc. 11-5 pp.1) However, it is the plaintiff's position that that Defendant has failed to adequately show good cause upon which this Court could set aside the Clerks default. In 919 Old Winter Haven Road, SPE, LLC v. Friedman, No. 8:19-cv-01500-T-36AAS, 2019 WL 3857858, a 1* (M.D. Fla. Aug. 16, 2019) this Court recognized three factors to determine whether a defendant has met the good cause standard of Rule 55(c): "(1) Whether the default was the result of culpable conduct of the Defendant, (2) Whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense" (quoting U.S. v. Nalls, 178 F.R.D. 696, 697 (S.D. Fla. 1997)

Here, Defendant Christopher Rich has only adequately met one of the three factors set for above in that due to Defendant Ronnie Jone's not having Returned a Waiver of Service of Summons at this time. However, regarding the other two factors, Defendant's assertion that the reason a timely response was not entered was due to a legal assitant's error is not supported by any

declaration, and is wholly conclusory. Furthermore, Defendant's attempt to file an untimely Rule 12 motion, as well as argue the merits of that untimely motion in Defendant's response to plaintiff's Declaration should not be viewed as setting forth a meritorious Defense, mainly on the untimliness of the arguments but additionally because both arguments wholly fail on the merits as set out in "plaintiff's response to Defendants Motion To Dismiss" filed contemporaneously this motion.

Accordingly, Defendant has failed to meet the factors that would warrant the setting aside of the Clerk's Default and plaintiff seeks an Entry of Default Judgement against Defendant Christopher Rich. As well as any other relief this Court may deem necessary.

## CONCLUSION

WHEREFORE, in consideration of the foregoing Plaintiff prays that this Honorable Court Enter a Judgement of Default against Defendant Christopher Rich in favor of the plaintiff, as well as grant any other relief this Court may deem necessary.

5 of 6

## CERTIFIED OATH

I, JOSHUA NEIL FREY, hereby certify under penalty of perjury, that the foregoing are both true and correct to the best of my knowledge.

*Joshua N. Frey*

Joshua Neil Frey 201900002234
John E. Polk Correctional
211 Eslinger Way
Sanford, Fl 32773

## CERTIFICATE OF SERVICE

I further certify that a copy of the foregoing has been furnished by way of U.S. Mail this 30th day of November, 2020 to:

Jeffery S. Weiss, Esq. - Counsel For Defendant

Garganese, Weiss, D'Agresta
& Salzman, P.A.
111 N. Orange Ave., Ste. 2000
Orlando, Fl 32801

Joshua Neil Frey 201900002234
John E. Polk Correctional
211 Eslinger Way
Sanford, Fl 32773

6 of 6